UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MICHAEL EDWARD DUGGER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:18-CV-180 |
| | ) | 2:16-CR-105 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Michael Edward Dugger's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 278].[1] The United States has responded in opposition [Doc. 11]. Petitioner filed a reply [Doc. 16]. Petitioner has also filed a motion to compel [Doc. 14], a motion to extend time to respond [Doc. 15], and a motion for an evidentiary hearing [Doc. 19] which are currently pending before the Court. The United States also has a pending motion for extension of time to respond [Doc. 10]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 278] will be **DENIED**; both Petitioner and the United States' motions for extension of time to respond [Docs. 10 & 15] will be **GRANTED** *nunc pro tunc*; and Petitioner's motions to compel and for an evidentiary hearing [Docs. 14 & 19] will be **DENIED**.

---

[1] Document numbers not otherwise specified refer to the civil docket.

## I. BACKGROUND

In September 2016, Petitioner and seven co-defendants were charged in a twenty-count indictment pertaining to conspiracy and distribution of 50 grams or more of methamphetamine, along with related gun charges. [Crim. Doc. 3]. Petitioner was named in seven counts. [*See id.*].

On February 14, 2017, Petitioner entered into a plea agreement with the government. [Crim. Doc. 100]. On July 17, 2017, an amended plea agreement was filed. [Crim. Doc. 200]. In it, Petitioner agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). [*See id.*] The plea agreement was signed by Petitioner and attorney Donald E. Spurrell.

In his plea agreement, Petitioner acknowledged that he was involved in a conspiracy with his co-defendants and others to distribute methamphetamine, a schedule II controlled substance, in and around the Tri-Cities area in the Eastern District of Tennessee. Law enforcement set up several buys of methamphetamine with a couple of confidential informants from November 2015 to January 2016. For the purposes of the plea agreement, the parties agreed that Petitioner should be held responsible for at least 50 grams but less than 150 grams of actual methamphetamine.

The Court conducted a change of plea hearing on July 17, 2017. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that there was an amended plea agreement filed, that Petitioner was arraigned and specifically advised of his rights, that he was competent to change his plea, that his motion to change

his plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Indictment, that the Government moved to dismiss the remaining count at sentencing, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 201].

The PSR initially calculated a total offense level of 34 and a criminal history category of V, resulting in a guideline range of 235 to 293 months. [Crim. Doc. 233, ¶ 74]. There was a statutory minimum term of imprisonment for 10 years. [*Id*. at ¶ 73]. The PSR also noted, that had the United States filed a notice to seek enhanced punishment based on Petitioner's prior felony drug convictions, he would have been subject to a mandatory term of Life imprisonment. [*Id*. at ¶ 75]. An Addendum to the PSR was filed which corrected Petitioner's base offense level to 30, and the adjusted offense level with the enhancement to 32 which resulted in a new guideline range of 188 to 235 months. [Crim. Doc. 243].

The government filed a notice of no objections to the PSR. [Crim. Doc. 234]. The government also filed a motion for acceptance of responsibility [Crim. Doc. 235] and a sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 235 to 293 but requested a sentence of 235 months. [Crim Doc. 236]. The United States also stated that Petitioner's refusal to accept responsibility for his actions and his minimization of his role in the conspiracy which was contradicted by co-defendants and his own admissions suggested that Petitioner was likely to reoffend. [*Id*.].

Petitioner, through counsel, filed a notice of objections to the PSR objecting to the base offense level being 32 when it should have been 30; the denial of the 3-level

3

acceptance of responsibility departure as Petitioner accepted every aspect of the agreed factual basis at the change of plea hearing and did not intend to disaffirm any or all of the essential elements of his plea agreement; and the application of the enhancement for operating a "stash house" pursuant to U.S.S.G.§ 2D1.1(b)(2). [Crim. Doc. 242]. Petitioner, through counsel, also filed a sentencing memorandum, strenuously objecting to the PSR again, and requesting a downward variance from the advisory guideline range based on an argument that the stash house enhancement should not be applicable to Petitioner and that Petitioner's major health problems merit variance from the sentencing guidelines. [Crim. Doc. 240].

On November 1, 2017, the Court sentenced Petitioner to a total of 160 months' imprisonment and then five years of supervised release. [Crim. Doc. 249]. Petitioner did not file a direct appeal, but on October 29, 2018, he filed this timely § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding

4

invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v.*

5

*United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises two claims in this § 2255 motion: 1) ineffective assistance of counsel for not properly challenging the denial of Petitioner's 3-level acceptance of responsibility reduction, and 2) ineffective assistance of counsel for not properly arguing against the case law supporting Petitioner's 2-level enhancement under U.S.S.G. § 2D1.19(b)(12). [Doc. 1; Crim. Doc. 278].

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for h[is] defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is

6

"reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Both of Petitioner's arguments fail at *Strickland's* first step. Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not properly argue against enhancements and denial of reductions. [Doc. 1]. Petitioner's unsupported allegations regarding his counsel's failure to make certain arguments are directly contradicted by the record and are not credited. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

7

Petitioner's counsel filed a notice of objections to the presentence report, specifically objecting to the denial of Petitioner's acceptance of responsibility reduction and arguing against the 2-level enhancement for Petitioner running a stash house under U.S.S.G. § 2D1.1(b)(12). [Crim. Doc. 242]. Petitioner's counsel again made the same arguments at Petitioner's sentencing hearing, allowing Petitioner to testify about the acceptance of responsibility issue and, while not specifically citing to the underlying cases used by the probation officer, did make arguments distinguishing those cases from Petitioner's situation. [Crim. Doc. 287, pp. 4-48]. Petitioner's counsel cannot be deemed ineffective for doing precisely what Petitioner now claims he should have done.

Petitioner also suggests that his counsel was ineffective for not being present at the presentence interview. [Doc. 1; Crim Doc. 278]. However, as the United States correctly states, "the right to counsel only attaches during a critical stage of the prosecution." *United States v. Tisdale*, 952 F.2d 934, 939 (6th Cir. 1992) (internal quotations omitted). And "in non-capital cases such as this one[,] the presentence interview does not represent a critical stage of the prosecution." *Id*. at 940; *see also United States v. Diaz*, 179 F. App'x 938, 943 n.7 (6th Cir. 2006) ("[T]he presentence interview is not a critical stage of the prosecution that requires the presence of counsel."). Accordingly, this argument must also fail.

Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner has also failed to show that the result of the proceeding would have been different as counsel made the exact arguments Petitioner now claims he should have made. Petitioner thus cannot bear his burden of showing "a

8

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's claims will be **DENIED** as the record directly contradicts Petitioner's claims, and Petitioner has not shown that counsel was ineffective, nor that Petitioner was prejudiced by any alleged ineffectiveness of counsel.

## IV. OTHER MOTIONS

### A. Request for Extension of Time to Respond [Docs. 10 & 15]

On January 28, 2019, the United States requested an extension of time to file a response to Petitioner's § 2255 motion. [Doc. 10]. Before this Court could rule on that motion, however, the United States submitted a response [Doc. 11]. In light of this development, the United States' request for an extension will be **GRANTED nunc pro tunc** and the contents of the response will be considered so far as they traverse arguments made by Petitioner in his motion.

On February 25, 2019, Petitioner requested an extension of time to reply to the United States' response in opposition to his § 2255 motion to start after he received sentencing transcripts [Doc. 15]. Before this Court could rule on that motion, however, Petitioner submitted a reply document [Doc. 16]. In light of this development, Petitioner's request for an extension [Doc. 15] will be **GRANTED nunc pro tunc** insofar as Petitioner requests an extension of time to file a reply brief and the contents of the reply brief will be considered so far as they traverse arguments made by the United States' in its response.

### B. Motion to Compel [Doc. 14]

9

On February 25, 2019, petitioner filed a motion to compel [Doc. 14], requesting that the sentencing hearing transcripts be sent to him free of charge. With respect to Petitioner's request for a fee waiver, a petitioner does not have a constitutional right to a free transcript in a § 2255 proceeding, but he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325-27 (1976) (plurality). The Constitution does not require that an indigent petitioner "be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of assistance it may be, merely because a person of unlimited means might choose to waste his resources in a quest of that kind." *Id.* at 330, (Blackmun, J., concurring in judgment). As set forth above, this § 2255 action has been decided and all issues presented in the pleading have been resolved. Petitioner has shown no legitimate need for a free transcript.

Because Defendant has failed to demonstrate a non-frivolous claim or a particularized need for a sentencing transcript, his motion to compel [Doc. 14] will be **DENIED**.

### C. Motion for Evidentiary Hearing [Doc. 19]

On March 17, 2020, Petitioner filed a motion for an evidentiary hearing. As stated above, the Court finds no need for an evidentiary hearing in this case. Accordingly, Petitioner's motion [Doc. 19] will be **DENIED**.

### V. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 278] will be **DENIED** and **DISMISSED**; Petitioner's motions to compel [Doc. 14] and his motion for evidentiary hearing [Doc. 19] will be **DENIED**; Petitioner's motion for extension of time to reply [Doc. 15] will be **GRANTED nunc pro tunc**; and the United States' motion for extension of time to respond [Doc. 10] will be **GRANTED nunc pro tunc**.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge